**Doris BROWN and Rose Gamez, on behalf of themselves and all others similarly situated persons, Plaintiffs,**

v.

**Patricia HARRIS, Secretary of the Department of Housing and Urban Development, Housing Authority of the County of Santa Clara and John C. Burns, Executive Director of the Housing Authority, Defendants.**

No. C–79–595–WAI(SJ).

United States District Court, N. D. California.

Feb. 28, 1980.

Robert J. Shull, Community Legal Services, San Jose, Cal., for plaintiffs.

George Christopher Stoll, Asst. U.S. Atty., Civ. Div., San Francisco, Cal., Steven M. Woodside, Deputy County Counsel, San Jose, Cal., for defendants.

## MEMORANDUM OF DECISION

INGRAM, District Judge.

In this action, the plaintiffs challenge the validity of a regulation promulgated by the Department of Housing and Urban Development ("HUD").

Plaintiffs seek an order enjoining the implementation of the HUD regulation found at 24 C.F.R. § 882.215 on the ground that it conflicts with the statute under which it was promulgated.

Defendant HUD has moved for summary judgment. Plaintiff has moved for partial summary judgment regarding the validity of the regulation. For the reasons discussed herein, the Court concludes that the plaintiffs' motion for partial summary judgment must be granted, and that the federal defendant must be enjoined from the further enforcement and dissemination of regulation 24 C.F.R. § 882.215.

The regulation concerns the "Section 8" "existing housing" program, 42 U.S.C. § 1437f. Under this statute, the defendant Secretary of HUD is authorized to contract with public housing authorities which, in turn, contract with owners of existing housing units. The statutory provision under consideration here is 42 U.S.C. § 1437f(d)(1)(B), which provides,

> Contracts to make assistance payments entered into by a public housing agency with an owner of existing housing units shall provide (with respect to any unit) that—
>
> .    .    .    .    .
>
> (B) the agency shall have the sole right to give notice to vacate, with the owner having the right to make representation to the agency for termination of tenancy.

The regulation implementing this provision provides:

> The Owner shall not evict any Family unless the Owner complies with the requirements of local law, if any, and of this section. The Owner shall give the Family a written notice of the proposed eviction, stating the grounds and advising the Family that it has 10 days (or such

greater number, if any, that may be required by local law) within which to respond to the Owner. The Owner must obtain the PHA's authorization for an eviction; accordingly, a copy of the notice shall be furnished simultaneously to the PHA, and the notice shall also state that the Family may, within the same period, present its objections to the PHA in writing or in person. The PHA shall forthwith examine the grounds for eviction and shall authorize the eviction unless it finds the grounds to be insufficient under the Lease. The PHA shall notify the Owner and the Family of its determination within 20 days of the date of the notice to the Family, whether or not the Family has presented objections to the PHA. If the Owner has not received a response from the PHA within 20 days, he shall telephone the PHA and shall be informed by the PHA whether a notice of determination has been mailed. If the PHA informs the Owner that no notice has been mailed within the 20 days period, the PHA shall be deemed to have authorized the eviction.

24 C.F.R. § 882.215.

■ The conflict between the statute and the implementing regulation is apparent. Under the statute, "the agency shall have the sole right to give notice to vacate." Under the regulation, the *owner* gives the proposed notice to vacate and then *seeks* the approval of the local agency. The agency is deemed to have approved the proposed notice to vacate if no written decision is mailed within twenty days. In any event, even if the local agency approves the proposed eviction, the owner, *not* the agency, gives the notice to vacate. This is contrary to the clear and definite words of the statute.

While the government argues that the owner may only give a proposed notice to vacate, plaintiffs through their uncontroverted affidavits have shown that they received "notices to vacate" which under no reading can be termed "proposed." In both instances, the notices were addressed to the tenant, not to the agency. In only one instance was there any indication on the notice that the agency had been informed. The two evictions at issue in this case thus did not take place within the statutory scheme. The owner did not "make representation to the agency to the agency for termination of tenancy." The agency did not "give notice to vacate." The agency simply "authorized" the owner's eviction notice. *See Affidavits of Rosa Gamez and Doris Brown.*

■ There is no need for the Court to embark on a detailed examination of legislative history and intent. The language of the statute is clear and definite. The agency charged with implementing the statute is not free to evade the unambiguous directions of the law merely for administrative convenience. As has been emphasized repeatedly by the Supreme Court,

The power of an administrative officer or board to administer a federal statute and to prescribe rules and regulations to that end is not the power to make law . . but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute. A regulation which does not do this, but operates to create a rule out of harmony with the statute, is a mere nullity.

*Manhattan General Equipment Co. v. Commissioner of Internal Revenue,* 297 U.S. 129, 134, 56 S.Ct. 397, 400, 80 L.Ed. 528 (1936). *See also Dixon v. United States,* 381 U.S. 68, 74, 85 S.Ct. 1301, 1305, 14 L.Ed.2d 223 (1965).

The Secretary contends that its new HUD handbook being issued to both landlords and local authorities provides specific instructions for compliance with the statute. However, HUD does not argue that the regulation has been amended. The Court's review of the Handbook No. 7420.7, Section 10–5, does not compel a different conclusion. The Handbook is inconsistent with the regulation and the statute. In any event, plaintiffs are challenging the regulation, not the Handbook. However, even if the Handbook provision were at issue, the Court would conclude that it does not serve to moot the case. Both the regulation and

the Handbook suggest that the owner, not the local agency, will play the active role in evictions. This is simply contrary to the statutory formulation.

Plaintiffs' motion for partial summary judgment is granted. The Secretary of the Department of Housing and Urban Development is hereby enjoined from further enforcement and dissemination for purposes of enforcement of its regulation 24 C.F.R. § 882.215.