SAMUEL, Judge.
Alleging nonpayment of rent and sub-stantia] violations of and noneompliance with the provisions of his lease agreement, plaintiff, Versailles Arms Apartments, filed this rule to evict the defendant, Everett Granderson, Jr. Defendant received rent subsidies from the United States Department of Housing and Urban Development, and the rule alleged he did not vacate the premises in spite of proper notice to him under both Louisiana law and Housing and Urban Development regulations.
Defendant answered, alleging plaintiff wrongfully refused his tendered non-subsidized portion of his rent on the incorrect assumption he had not been recertified and therefore could not participate in the subsidy program under Section 8 of the United States Housing Act of 1987. Defendant also alleged he has not been afforded the hearing prior to eviction required by unspecified federal regulations.
Following trial there was judgment ordering defendant evicted. Defendant appealed. Several procedural difficulties required remand by this court for completion of the record. A second hearing was held in the trial court to complete the record, and the case is again before us for decision.
On December 1,1976 the parties executed a lease with a one year term ending November 30, 1977. The total rent was $177 per month for a three bedroom apartment, and the Department of Housing and Urban Development was to pay all rent except $27 per month. The lease provided the rental and subsidy were subject to change because of changes in family income and family composition in accordance with HUD’s “schedules and the criteria.” Defendant, as tenant, agreed family income and composition were substantial and material obligations of the lease with respect to both the amount of his rent and his right to oecupan-cy. He further agreed to recertify his income yearly and to be bound by rental changes dictated by changes in his income.
The lease automatically renewed itself for additional one year periods unless terminated by the parties. Thirty days’ written advance notice was required to terminate. Plaintiff, as lessor, agreed not to evict defendant unless it complied with local law and with a contractual obligation to give written notice stating the grounds for eviction and advising defendant he had five days to respond to plaintiff’s notice.
Defendant certified his income at $65 per month and certified his two daughters lived with him. The certification of three family members formed the basis for subsidized rental of a three bedroom apartment under HUD guidelines. The record reflects the guidelines provide that a single tenant is entitled to only a one bedroom subsidized apartment in order to make adequate subsidized housing available to as many larger families as possible.
On several occasions plaintiff requested defendant to recertify his income and the number of persons in his family, which he had not done at the end of the initial one year period of his lease. Plaintiff advised defendant that noncompliance would result in cancellation of his rent subsidy. Defendant ignored these requests.
On July 18,1978 plaintiff notified defendant his noneompliance caused an end to the subsidy and advised him his rent would be collected on a non-subsidized basis beginning August 1, 1978. Two days later defendant furnished plaintiff with a notarized statement saying he was divorced and his daughters lived with him on weekends and during school vacations.
On August 4, 1978, plaintiff returned defendant’s check for $27 and demanded full rental for the apartment until defendant recertified under Section 8. On August 8, 1978 HUD made demand on plaintiff for back subsidies to December 1, 1977 because defendant failed to recertify annually[1] un *1042 der Section 8 of the Housing Act of 1937 and because HUD occupancy guidelines only entitled him, as a sole tenant, to a one bedroom apartment unit.
On October 11, 1978 plaintiffs attorney advised defendant he must recertify his HUD eligibility on penalty of exercise by plaintiffs of the legal rights available to them. Defendant signed acknowledgment of receipt of this notice.
On October 24, 1978 plaintiff notified defendant in writing that his lease was terminated effective November 30, 1978 and demanded he vacate the premises by that date. In the notice of termination, plaintiff advised defendant that the charge in the size of his family and his refusal to move to a smaller dwelling unit were both a material noncompliance with the lease agreement and a substantial violation of the lease under HUD regulations. The notice also informed defendant that if eviction proceedings are instituted he is entitled to present a defense. This notice was mailed to defendant on October 24, 1978 and served on him in person on October 25,1978.[2] He was thus given more than thirty days notice to vacate.
On December 7, 1978 plaintiff served a five day notice to vacate under Louisiana law for nonpayment of rent, and a ten day notice to vacate under HUD regulations. The ten day notice advised defendant he was entitled to present a defense .in the event a judicial proceeding for eviction was instituted.
In spite of these notices, defendant did not vacate the premises, and this eviction proceeding ensued.
We conclude defendant’s failure to recertify his income and family composition at the end of one year was a material noncompliance with rental agreement and justified plaintiff’s increase in defendant’s rent. Moreover, defendant’s continued tender of $27 per month did not constitute payment of his rent, since his failure to certify and the change in his family composition made him ineligible for a rent subsidy for the three bedroom unit which he refused to vacate.
The lease provided for annual recertification of income. In addition, the lease referred to changes in rent because of change in family composition. Federal regulations require annual re-examination of family income and composition in order to make appropriate subsidy redeterminations.[3] Hence, we conclude plaintiff was within its right to demand recertification of both defendant’s income and his family composition at the end of the initial rental period.
Defendant urges several defenses to the eviction proceedings. He first contends that while plaintiff complied with termination procedures under Section 8, it did not comply with such procedures under Section 236 of the National Housing Act.[4] However, a reference to the applicable federal regulations discloses the same procedures apply under Section 236 and under Section 8.[5] Hence, this defense argument is without merit.
Defendant also argues that a change of dwelling because of a change in family composition is a modification of the lease, and that plaintiff was therefore required’ to serve an appropriate notice on defendant, with tender of a revised rental agreement or addendum, in accordance with 24 C.F.R. § 450.4(d). However, a reading of this section of the Code of Federal Regulations shows it is intended to apply to an actual change in rental agreement with the permission of HUD as of the end of a rental period. It has nothing to do with changes in the type of housing available for subsi *1043 dies which result from a change in family composition.
In defendant’s answer to plaintiff’s rule for eviction, he alleged he was not granted a hearing prior to eviction in accordance with federal regulations. He has never specified what federal regulations require such a hearing. On appeal, he attempts to construe this allegation of his sworn answer to mean that plaintiff did not properly obtain authorization to evict from a local public housing authority or agency in accordance with 42 U.S.C. § 1437f. Under this section and a court decision referred to by defendant,[6] it is the public housing authority and not the landlord which actually issues the notice to vacate.
This is the first time such an argument has been made, and the argument could not have been foreseen by plaintiff from the allegation in defendant’s answer that he was not afforded a hearing prior to eviction in violation of federal regulations. It suffices to say, however, that the record is devoid of any proof that a public housing authority is involved in the present case. In the absence of such proof, defendant’s argument falls. Moreover, plaintiff has annexed to its brief as an exhibit a copy of its agreement with the Department of Housing and Urban Development for subsidized housing, and that document on its face indicates that the agreement was directly between plaintiff and HUD, without the intervention of a public housing authority. We see no purpose of remanding the case for a determination of this issue in view of defendant’s failure to prove the existence of the public housing authority in the transaction.
Moreover, even if a public housing authority was involved, the case cited by defendant[7] enjoins the secretary of the Department of Housing and Urban Development from enforcement and dissemination of its regulation at 24 C.F.R. § 82.215, which purported to cause a landlord to obtain authorization from a public housing authority and submit evidence to the public housing authority to substantiate the grounds for eviction.
Finally, in the trial court defendant denied receiving certain notices required by 24 C.F.R. §§ 450.1 through 450.4. These denials were made in the face of strong, positive, and convincing plaintiff evidence that the notices were in fact made and delivered. We conclude, as did the trial judge, that plaintiff had furnished all required statutory and regulatory notices to defendant.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. The authority for this demand was HUD Hand Book 4352.1, Paragraph 29a; the Section 8 Contract for Housing Assistance Payments; the Regulatory Agreement; and Title 24 of the Code of Federal Regulations, Part 886.124.

. Defendant also signed for this notice.

. 24 C.F.R. § 886.124.

. The record is in conflict with regard to whether Section 236 of the National Housing Act applies in the present case because the interest of plaintiffs mortgage was subsidized pursuant to appropriate provisions of Section 236.

.24 C.F.R. § 450.1 and § 450.2(e).

. Brown et al. v. Harris, 491 F.Supp. 845 (1980), of the docket of the United States District Court for the Northern District of California.

. See Brown v. Harris, supra, note 6.