WHITEHALL MANOR PROPERTIES, INC. *vs.* ELLEN LAMOTHE. January 25, 1982. In this appeal from an adverse summary judgment in a summary process action, the defendant (tenant) contends that her tenancy was improperly terminated because certain of her Federal constitutional and statutory rights were violated. The controversy here centers on the so called "Section 8 existing" public housing program established by the Housing and Community Development Act of 1974, codified at 42 U.S.C. § 1437f (1974). For a detailed description of this program, see Klein & Schrider, Procedural Due Process and the Section 8 Leased Housing Program, 66 Ky. L.J. 303 (1977).

We do not have to reach the lofty concerns of the defendant because, in the circumstances presented here, the dispute reduces itself merely to a question of what are the tenant's rights under a lease.

The Federal statute and the applicable regulations implementing it (see, e.g., 24 C.F.R. § 882.215 [1980]) indeed require that certain procedures which the landlord did not follow be followed in order to terminate a "Section 8" lease. The difficulty the tenant faces is that these procedures apply only when the lease is in effect; they do not reach situations, such as here presented, where the lease and the accompanying subsidy contract have expired by their own terms.

The claim that the due process clause mandates a higher level of procedural protection than the regulations has not been argued in the brief, and we deem it to have been waived. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

*Judgment affirmed.*

The case was submitted on briefs.
*John S. Wessler & Karen Kruskal* for the defendant.
*Robert W. Joyce* for the plaintiff.