**Diana FITZPATRICK, Plaintiff,**

v.

**Samuel R. PIERCE, Jr., et al., Defendants.**

**Civ. A. No. 82–483–C.**

United States District Court, D. Massachusetts.

Dec. 3, 1982.

Paul R. Collier, III, Harvard Legal Aid Bureau, Cambridge, Mass., Kenneth R. Berman, Hale & Dorr, Boston, Mass., for plaintiffs.

Thomas P. Russell, Boston, Mass., for defendants Somerville Housing Authority, Members of Same and Executive Dir. & Jacqueline Carroll and all other defendants.

Robert L. Hernandez, Boston, Mass., for defendant Christina Visconti.

Joseph McGovern, Asst. U.S. Atty., Boston, Mass., for federal defendant Pierce, HUD.

### MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by plaintiff, who is a resident of Massachusetts. De-

fendants are Samuel Pierce, the Secretary of the Department of Housing and Urban Development (HUD); the Somerville Housing Authority and certain of its employees (SHA), and plaintiff's landlord Christina Visconti. Plaintiff at this time seeks a declaratory judgment to the effect that SHA and the landlord are seeking to evict her without good cause or proper notice as is required by 42 U.S.C. § 1437f (1982). As to HUD, plaintiff seeks a declaratory judgment that the federal defendant violated 42 U.S.C. § 1437f (1982) and 42 U.S.C. § 1983 (1982) by failing to issue a notice to quit, conduct hearings and require good cause for eviction.

The matter came before the Court on all defendants' motions to dismiss the action for lack of subject matter jurisdiction under Rule 12(b), and for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. After hearings on the matter October 28, 1982, and November 22, 1982, the Court accepts the following facts as true for the purpose of these motions.

I. *Statutory Background*

Plaintiff is a tenant in a rental unit owned by a private landlord, and her rent is partially paid by federal rent subsidies. The Section 8 Existing Housing Assistance Payments Program under which the rent subsidies are paid was established by Congress through enactment of Section 8 of the Housing and Community Development Act of 1974. 42 U.S.C. § 1437f (1982). The program is implemented by regulations found at 24 C.F.R. Part 882 (1982).

Eligible participants receive a certificate of family participation, 24 C.F.R. § 882.102, which permits low income families to participate in the Section 8 program. Once certified the family must locate a privately owned dwelling that complies with the housing quality standards approved by the Department of Housing and Urban Development (HUD). 24 C.F.R. §§ 882.103(a) and 882.109. When a certificate holder locates a dwelling he submits a request for lease approval. After approval, the Section 8 Existing Housing Program participant ex-

ecutes a lease with the owner of the private dwelling. The local Public Housing Agency (PHA), which in this case is the Somerville Housing Authority (SHA), simultaneously or subsequently executes a Housing Assistance Payment Contract with the landlord (assistance contract). The assistance contract provides that assistance payments may be paid only with respect to a dwelling unit under lease for occupancy by a family determined to be a lower income family at the time the family initially occupies the dwelling. The assistance contract contains provisions relating to contract rent, the family portion of the rent, assistance payments, maintenance, operations, inspections, evictions, and other matters.

A certified family with a lease pays between 15 and 25 percent of its adjusted income for rent and utilities as determined in accordance with 42 U.S.C. § 1437f(c)(3) and 24 C.F.R. § 889.105. The balance of the rent is paid by SHA directly to the landlord on behalf of the certified family. The lease entered into by the participant must be approved by SHA and must conform to regulations in order for payments to be made to the landlord.

Each lease under the program is also affected by 42 U.S.C. § 1437f(d)(2), which requires each lease for an existing dwelling to be for not less than one month or more than 180 months. The issue in the present case is whether plaintiff's eviction was proper and within the mandates of the statute.

II. *Facts*

Plaintiff was issued her latest Section 8 Existing Housing Program Certificate of Family Participation on December 15, 1980, by SHA. In compliance with the Section 8 requirements, SHA entered into an assistance contract with the landlord from whom plaintiff intended to lease an apartment, Michael McCabe, owner of 8 Clarendon Street, Somerville. The term of the contract was to be for one year commencing January 1, 1981, and provided:

if the Family continues in occupancy after the expiration of the term, on the same terms and conditions as the Lease,

the Contract shall continue in effect for the duration of such tenancy, but the total duration of the Contract shall in no case extend beyond the term of the AAC. The AAC refers to the Annual Contributions Contract SHA enters into with HUD whereby HUD agrees to make annual contributions to SHA to cover housing assistance payments. 24 C.F.R. § 882.102. The AAC between HUD and the SHA expires on June 6, 1983.

Plaintiff and Mr. McCabe entered into a rental agreement on January 13, 1981, its term to run from January 1, 1981, until December 31, 1981. Mr. McCabe sold 8 Clarendon Street to the private defendant Christina Visconti who signed an addendum to both the assistance contract and the lease on July 1, 1981. On July 10, 1981, the defendant Visconti sent plaintiff a letter requesting that plaintiff remove animal excrement from the yard and remove all animals from her apartment within 30 days. In September, 1981, the landlord requested SHA to evict plaintiff for noncompliance with the July letter. The Authority subsequently authorized plaintiff's eviction. Upon obtaining SHA's authorization, the landlord sent plaintiff an eviction notice on September 14, 1981. At plaintiff's request a December 5, 1981, hearing was held to hear plaintiff's objections to her eviction notice. The eviction was not overturned, however, and landlord sent plaintiff an additional notice of eviction on January 13, 1982. Plaintiff brought this action on February 19, 1982, seeking declaratory and injunctive relief and a temporary restraining order (TRO) to enjoin the landlord from bringing summary eviction action in state court. A complaint for Eviction in Summary Process was brought by the landlord in Somerville District Court on March 29, 1982. The Somerville District Court stayed the summary process action on April 9, 1982. Plaintiff then filed a Motion for Preliminary Injunction in this Court on April 17, 1982. At the November 22, 1982, hearing plaintiff notified this Court that her motions for both the temporary restraining order and preliminary injunction were moot and that she was seeking only declaratory relief.

In early June, 1982, all parties to the action agreed that in order to resolve plaintiff's claim that she had not been afforded due process because she had been denied a hearing before the SHA approved her eviction, such a hearing would be held. It was agreed that at the hearing, the landlord would provide evidence for her reasons for requesting eviction and plaintiff would have the opportunity to present evidence as well. A full hearing was held on June 28, 1982, by SHA before an independent fact finder to determine whether the landlord should be permitted to bring an eviction action against the plaintiff in Somerville District Court. Plaintiff, represented by counsel, was given the opportunity to present evidence and witnesses and to cross-examine witnesses. The SHA hearing examiner, after consideration of the evidence, issued a written decision on June 29, 1982, and found good cause for the eviction. Following the hearing and the decision, defendant SHA issued a written notice of eviction to plaintiff on June 30, 1982.

On September 2, 1982, a trial in Summary Process was conducted in Somerville District Court. Defendant landlord presented evidence of good cause for eviction and plaintiff had a full opportunity to present evidence and cross-examine witnesses. On September 21, 1982, the Somerville District Court entered a finding for eviction in favor of defendant landlord. *Visconti v. Fitzpatrick,* No. E–3060/82, (Sept. 21, 1982). The court further found, at defendant's request, that a finding of good cause for eviction was not necessary to a judgment for possession on behalf of the landlord, but that, in any event, such good cause for eviction did exist in this case.

Plaintiff is currently in the process of perfecting her appeal in the state Superior Court where under state law she is entitled to a trial *de novo.*

### III. *Proper Notice*

Federal law requires SHA to give plaintiff a notice of eviction, as her lease was entered into prior to October 1, 1981. 42

U.S.C. § 1437f(d)(1)(B) (1982); *Brown v. Harris,* 491 F.Supp. 845 (N.D.Calif.1980). Section 42 U.S.C., *supra,* states that "the agency shall have the sole right to give notice to vacate, with the owner having the right to make representation to the agency for termination of tenancy." The regulations enacted to enforce this statutory section, however, are inconsistent with the statutory mandate. The regulation states:

> The Owner shall not evict any Family unless the Owner complies with the requirements of local law, if any, and of this section. The Owner shall give the Family a written notice of the proposed eviction, stating the grounds and advising the Family that it has 10 days ... within which to respond to the Owner.

24 C.F.R. § 882.215 (1982). Federal law then requires SHA to give notice while the federal regulation allows the landlord to give such notice. It was in compliance with the regulation that landlord, rather than SHA in the instant case, initially gave notice of eviction to the plaintiff. The regulation was reproduced as paragraph 2.6 of the assistance contract signed by the landlord and SHA. The Court in *Brown v. Harris, supra,* noting the inconsistency entered an order enjoining HUD from enforcing 24 C.F.R. § 882.215. Following *Brown v. Harris, supra,* Congress amended 42 U.S.C. § 1437f(d)(1)(B) to permit the landlord to give the notice of eviction for leases entered into after October 1, 1981. HUD has prepared regulations to be published that amend 24 C.F.R. § 882.215. The new regulations require Public Housing Authorities such as SHA to give the notice of eviction for leases entered into prior to October 1, 1981, and, reflecting the Housing and Community Development Amendments of 1981 (Pub.L. No. 97–35, sec. 326(e) (1981); 42 U.S.C. § 1437f(d)(1)(B)(i) and (ii) (1982)), allow the landlord to give the notice of eviction for leases entered into after October 1, 1981.

The federal defendant HUD alleges that it has complied with the order of the Court in *Brown v. Harris, supra,* enjoining HUD from enforcing the old regulations and plaintiff has not alleged any facts to the contrary. In the instant case defendant landlord issued the first eviction notice in contravention of federal law. The issue, however, is moot because, by agreement of all the parties, the defendant landlord withdrew the eviction action initially challenged by this lawsuit; a proper hearing was held before an independent fact finder; the plaintiff was represented by counsel and had the opportunity to present evidence and witnesses and to cross examine; a written decision was issued by the fact-finder; the fact-finder found good cause for the eviction; and SHA issued the notice of eviction as is required by 42 U.S.C. § 1437f. The issue of proper notice is accordingly moot.

## IV. *Good Cause*

The issue of good cause is likewise moot. Plaintiff seeks a declaratory judgment that good cause must be established before a court of law each time a Section 8 tenant is evicted. Presumably, plaintiff's prayer for relief encompasses plaintiffs whose tenancies are terminated prior to the expiration of the leased term, as well as plaintiffs whose leases are not renewed upon expiration of the lease. Plaintiff technically fits into both these categories. Good cause to evict plaintiff in the instant case was found by SHA and also by the Somerville District Court. There is, accordingly, no case or controversy before the Court and plaintiff's prayer for declaratory relief becomes, as a procedural matter, a request for an advisory opinion. This Court does not have the power to issue such an opinion, despite the judicial economy that it would provide in this case.

Plaintiff contends that in her trial *de novo* she will be subject to a state ruling on good cause that is contrary to federal law. She cites *Whitehall Manor v. Lamothe,* 13 Mass.App. 917, 430 N.E.2d 852 (1982), as a holding that she claims will bind the state trial court to a finding on good cause that is contrary to established federal law. Federal law on this point is not well established and even if it were this Court would not interfere with the state eviction proceeding. The United States Supreme Court held in

*Engle v. Isaac,* 456 U.S. 107, 130, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982), that

> If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.

This statement applies equally as well to federal statutory claims as it does to federal constitutional claims. To deprive the state courts of a full opportunity to pass on issues of federal statutory law in this eviction proceeding would contradict established principles underlying comity and federalism.

Order accordingly.

### ORDER

In accordance with memorandum filed this date, it is ORDERED:

1. Defendants' motions to dismiss are allowed.

2. Plaintiff's motion for declaratory relief is denied.

3. Complaint dismissed.