DOMENGEAUX, Chief Judge.
This suit involves the ownership of a strip of land located in St. Martin Parish. Viola Robin and her children, operators of a boat launch on the disputed tract, filed a possessory action after receiving a notice to vacate the premises from the heirs of Robert Angelle, the defendants. The An-gelle heirs, by reconvention, converted the suit into a petitory action. The trial court ruled in favor of the Angelle heirs, recognizing their ownership of the property and ordering the Robins’ eviction from the premises. Plaintiffs appeal. We affirm the trial court’s decision.
FACTS
In 1958 Robert Angelle orally granted Tony Robin the right to live on a certain piece of property known at the time of trial as Robin’s Landing. Testimony revealed that during this conversation, Angelle told Robin he could reside on this property for as long as he lived. It was a common practice for Angelle to allow political supporters to live on some of his property without any type of rental or lease agreement. Subsequently, Robin built a house and boat launch on the property which was still in operation at the time of trial. Robin died in 1977; Angelle died in 1979. After Robin’s death, Angelle made no effort to evict or remove Robin’s heirs from this property.
After Angelle’s death, his wife failed to take any action to recover the property, wanting to leave things as her husband had left them. However, subsequent to her death in 1985, the heirs of Robert Angelle initiated eviction proceedings on July 26, 1989.
Viola Robin and her children have obtained an injunction to prevent their eviction and filed the referred to possessory action. The Angelíes reconvened, alleging ownership and thereby converting the pos-sessory action into a petitory action. The Robins answered the reconventional demand by asserting ownership by 30 years acquisitive prescription.
The trial court found the Robins to be “precarious possessors,” thereby defeating an ownership claim under acquisitive prescription. In so ruling, the trial court recognized the Angelle heirs as owners and ordered the Robin heirs’ eviction because their right of occupancy ceased upon the death of Tony Robin.
ASSIGNMENT OF ERRORS
On appeal, the Robin heirs allege four trial court errors. First, they contend that a verbal donation of the property did in fact occur when Angelle allowed Robin to live on the property. Second, they urge as error the trial court’s conclusion that a verbal donation of property is ineffective under Louisiana law. Next, they argue that they are not precarious possessors but are possessing the property as owners. Finally, they contend the trial court erred in ordering their eviction from the property.
We will consider together both alleged errors concerning the verbal donation of immovable property.
VERBAL DONATION
It is well established in Louisiana that a donation of immovable property must occur by an authentic act or, if an oral transfer, by delivery and an admission under oath by the transferor. La.C.C. Art. 1536 and La.C.C. Art. 1839, respectively. The record reflects that none of these formalities were met. The only evidence the Robins rely on is testimony of individuals who either witnessed the alleged verbal donation or a subsequent verbal acknowledgment of it by Angelle. The record is replete with contradictory opinion testimony by various members of the neighborhood as to who are considered the real owners of the property in question. Testimony reveals that Angelle stated he could not sell or lease the property but would *180 allow Robin to remain there for as long as he lived. Angelle’s reluctance to sell or lease the property to Robin reflects a lack of donative intent by Angelle. Donative intent is a factual determination which will not be overturned unless clearly wrong. Anderson v. Aetna Life & Casualty, 535 So.2d 1070 (La.App. 2d Cir.1988), writs denied, 536 So.2d 1256 (1989), 538 So.2d 577 (1989). See also, Succession of Walker, 533 So.2d 70 (La.App. 3d Cir.1988), writ denied, 536 So.2d 1254 (1989). Therefore, we find that a verbal donation of the property did not occur due to a lack of requisite formalities and donative intent.
The Robins next argue that although the donation was not in proper form, it was tacitly confirmed under La.C.C. Art. 1845. However, because a donation never occurred, we do not consider this argument.
PRECARIOUS POSSESSION
The Robins next argue that they are not precarious possessors and therefore are entitled to be recognized as owners by virtue of 30 years acquisitive prescription. La.C.C. Art. 3437 defines a precarious possessor as one who exercises possession over a thing with the permission of the owner.
The trial court’s conclusion that the Robins were precarious possessors is supported by evidence in the record. First, testimony reveals that Mr. Angelle, as a matter of course, allowed political supporters to live on his property rent free. It was further shown that Mr. Angelle told Mr. Robin that he could remain on the property “for as long as he lives.” Second, the Angelíes introduced testimony that the Robins had denied ownership of the property in the past. A representative of the U.S. Army Corps of Engineers testified that the launch was slated for destruction in order for the nearby levee to be rebuilt. He stated that the Robins approached him about the possibility of saving the launch from destruction. The representative informed the Robins that a letter from the property owner was needed to exempt the launch from demolition. The Robins responded by stating that they were not the owners of the property, but would get a letter from the owners. This reveals that the Robins did not consider themselves owners of the property, nor did they hold themselves out as such. The trial court is given great discretion in weighing evidence and determining the credibility of witnesses, and we see no manifest error in its determination that the Robin heirs are precarious possessors.
Because the Robins are precarious possessors, the doctrine of acquisitive prescription is not available to them. La.C.C. Art. 3477 states:
Acquisitive prescription does not run in favor of a precarious possessor or his universal successor.
This article explicitly obviates the Robin heirs’ contention that they possessed the property for themselves for over 30 years therefore acquiring ownership. Acquisitive prescription can only begin running for a precarious possessor when he gives actual notice of his intention to possess for himself. La.C.C. Art. 3478. The record is devoid of any actual notice given to the Angelle heirs until the possessory action was filed on September 1, 1989. We therefore deem their argument without merit.
EVICTION
The Robins contend the trial court erred in ordering their eviction after taking the matter under advisement. They rely on La.C.C.P. Art. 4732 which requires an order of eviction to be rendered immediately, and on Baldo v. Thibodaux, 324 So.2d 457 (La.App. 4th Cir.1975), writs not considered, 326 So.2d 503 (1976) and 328 So.2d 888 (1976), which nullified an order of eviction rendered after the matter was taken under advisement. The Fourth Circuit, however, overruled its holding in Baldo in Versailles Arms Apartments v. Granderson, 377 So.2d 1359 (La.App. 4th Cir.1979), on remand, 386 So.2d 1039 (La.App. 4th Cir.1980), writ denied, 394 So.2d 277 (1980). We further note that La.C.C.P. Art. 4732 pertains to a summary proceeding and not an ordinary proceeding such as the case at hand. A purpose of La.C.C.P. Art. 4732 is to lessen the burden on one seeking evic *181 tion in order to avoid the delay and expense of proceeding by ordinary process. In fact, this court has previously held that a proper remedy for an owner to gain possession of his property is by instituting such a petitory action. Champagne v. Broussard, 401 So.2d 1060 (La.App. 3d Cir.1981), writ denied, 409 So.2d 615 (1981). See also, Rankin v. Garland, 392 So.2d 182 (La.App. 2d Cir.1980); also, Skannal v. Jones, 384 So.2d 494 (La.App. 2d Cir.1980). We, therefore, find no error in the trial court’s order of eviction.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Costs of these proceedings are to be borne by plaintiffs-appellants.
AFFIRMED.