DOUCET, Judge.
This is an appeal from an Administrative Hearing Officer’s judgment sustaining defendant’s Exception of Lack of Subject Matter Jurisdiction.
Plaintiff, in brief, states the historical facts leading to this appeal as follows:
On or about December 3, 1990, employee, ALDEREATHER FRANK, through undersigned counsel, file [sic] a “Petitioner to Recover Compensation for Workers’ Compensation Total Disabilities and Penalties” with the 27th Judicial District Court, Opelousas, St. Landry Parish, Louisiana.
On or about December 19,1990, an “Answer” was filed by Mr. Phillip G. Caire of Blondeau, Clair [sic] & Gregorie, on behalf of the defendant, ACADIA-ST. LANDRY GUEST HOME.
To protect the petitioner’s interest, the undersigned counsel filed a claim with the Office of Workers’ Compensation on the 4th day of December, 1990.
In March of 1991, the undersigned counsel and Mark E. Herman, agreed to transfer this cause of action to the Office of Workers’ Compensation for further prosecution. The Motion to Dismiss was signed on the 10th day of April, 1991, by the presiding Judge (i.e. H. Garland Pavy) of the 27th Judicial District Court.
On or about June 4, 1992, M. Blake Monrose, filed an Exception of Lack of *1282 Subject Matter Jurisdiction with the Office of Workers’ Compensation. Said Exception was fixed for hearing on the 14th day of August, 1992. Prior to the scheduled hearing, the hearing officer notified all interested parties, a decision would be made on evidence contained in the administrations’ record.
On the 2nd day of September, 1992, Mark Zimmerman, Administrative Law Judge for the 3rd District of the Office of Workers’ Compensation, granted the defendant’s Exception.
On September 9, 1992, the undersigned counsel submitted the Notice of Intention to Apply to Court of Appeal for Supervisory Writ; the return date for such was fixed for the 14th day of October, 1992. This appeal follows.
Defendants, Acadia-St. Landry Guest Home (Guest Home), and The Louisiana Insurance Guaranty Association (LIGA), in brief, add that the Exception of Lack of Subject Matter Jurisdiction was filed on behalf of LIGA when LIGA was substituted for Guest Home’s worker’s compensation insurer, Presidential Fire and Casualty Insurance Company. Defendants also add that all parties agreed that the Administrative Hearing Officer would decide the Exception without a formal hearing.
Counsel for plaintiff states that the case was prepared to be litigated and set for trial on two previous occasions. Plaintiffs counsel avers that the prior “good faith” agreement concerning the selection of forums, which was duly accepted by the original opposing counsel, should not be overturned. Counsel for plaintiff cites no law to support his argument that the Administrative Hearing Officer erred in sustaining the Exception.
The record does not contain any of the district court proceedings. No agreement between plaintiffs counsel and the original opposing counsel is of record. Regardless, the law states that subject matter jurisdiction cannot be conferred by consent of the parties.
Subject matter jurisdiction cannot be conferred by consent of the parties. A judgment by a court without subject matter jurisdiction is void. La.C.C.P. Art 3; Succession of Guitar, 197 So.2d 921 (La. App. 4th Cir.1967).
Fradella Const, Inc. v. Roth, 503 So.2d 25, 27 (La.App. 4th Cir.1986).
Lack of subject matter jurisdiction can be noticed at any time even by a court on its own motion. La.C.C.P. Art. 925; Louisiana Power and Light Company v. City of Houma, 229 So.2d 202 (La.App. 1st Cir.1969), writ refused 254 La. 1165, 229 So.2d 350 (1969).
Fradella, supra at 27.
The remaining question is whether or not the Administrative Hearing Officer system has jurisdiction. 1988 Acts 938 vested original and exclusive jurisdiction over all claims filed pursuant to the Workers’ Compensation Act with a new hearing officer system. 1989 Acts 260 § 1 amended 1988 Acts 938 by delaying implementation of the hearing officer system until January 1, 1990. It also provided that the hearing officer procedure would apply to claims arising on or after July 1, 1983 with one exception.
However, claims filed with the director prior to January 1,1990, but which are not resolved, whether by the parties’ acceptance of the director’s recommendations, compromise settlement, or judgment of a court, shall be resolved by the procedures in effect prior to January 1, 1990.
1988 Acts 938 § 4, amended by 1989 Acts 260 § 1. Claims falling within this exception would be processed through the prior system which provides that the employee has the right to file in district court after an advisory recommendation from the Office of Workers’ Compensation (OWC) has been rejected.
The record in this case shows that the claim at issue falls within the exception. Plaintiffs petition alleges that the work-related accident occurred on December 4,1989, well after July 1, 1983. The record shows the OWC received a claim[1] for compensation *1283 from the plaintiff on December 27, 1989, prior to the January 1, 1990 cutoff period. The record also shows the OWC’s recommendation was rejected. There is nothing in the record to indicate the claim was compromised or adjudicated. Thus, the claim falls within the exception and is not within the jurisdiction of the hearing officer system. Since the defendant was served with process, the filing even in a court of incompetent jurisdiction, interrupted prescription, and prescription does not begin to run anew until our judgment becomes final. La.C.C. art. 3462. Accordingly, the plaintiff can still file in the district court.
Accordingly, the decision of the Administrative Hearing Officer sustaining defendants’ Exception of Lack of Subject Matter is affirmed. Costs of this appeal are assessed against the plaintiff.
AFFIRMED.

. Apparently, plaintiff filed Claim Form 1008 with the OWC on two occasions, December 27, 1989, and December 4, 1990.