HALL, Judge.
Plaintiff filed a summary rule to evict defendant from the premises 2243 Clouet Street, New Orleans, Louisiana. Defendant filed an exception of no cause of action to plaintiff’s petition which was maintained and plaintiff’s suit was dismissed. Plaintiff prosecutes this devolutive appeal from the judgment of dismissal.
The allegations of plaintiff’s petition are :
1) That he is the owner of the property No. 2243 Clouet Street, New Orleans, Louisiana.
2) That said premises are presently occupied by the defendant, “a former owner of said premises.”
3) That petitioner is desirous of having possession of the said premises and of evicting the defendant therefrom.
4) That petitioner has given defendant five days written notice to vacate the premises.
5) That defendant refuses to leave the premises.
6) That defendant has never paid any rent to petitioner.
Title XI of the Louisiana Code of Civil Procedure (LSA-C.C.P. Arts. 4701-4735) provides for the use of the summary process of eviction in two cases only viz: (1) for the eviction of tenants and (2) for the eviction of “occupants” as therein defined. Since no landlord-tenant relationship be *867 tween the parties is claimed by plaintiff or alleged in his petition, his suit rests upon the provisions of LSA-C.C.P. Art. 4702 which reads:
“Art. 4702. Notice to occupant other than tenant to vacate
“When an owner of immovable prop-perty wishes to evict the occupant therefrom, after the purpose of the occupancy has ceased, the owner, or his agent, shall first cause a written notice to vacate the property to be delivered to the occupant.
“This notice shall allow the occupant five days from its delivery to vacate the premises.” (Emphasis supplied.)
LSA-C.C.P. Art. 4705 provides that nothing in Title XI shall be construed to conflict with the articles providing for the petitory and possessory actions. LSA-C.C. P. Art. 4731 provides the method of proceeding by summary rule.
The word “occupant” as used in LSA-C.C.P. Art. 4702 is defined in LSA-C.C.P. Art. 4704 as follows:
“ ‘Occupant’ includes a sharecropper; half hand; day laborer; former owner; and any person occupying immovable property by permission or accommodation of the owner, former owner, or another occupant, except a mineral lessee, owner of a mineral servitude, or a lessee of the owner.” (Emphasis supplied.)
Defendant has devoted much of his argument to a contention that in actuality a serious title dispute is involved in this controversy and that plaintiff therefore cannot proceed by the summary process of eviction but must be relegated to the peti-tory action. However the sole question presented for our determination is whether plaintiff’s petition sets forth a cause of action and our consideration thereof is restricted to the allegations of the petition which makes no mention of a title dispute.
It is noted that plaintiff has not alleged:
1) That the defendant has been occupying the property “by permission or accommodation” of the plaintiff, and
2) “That the purpose of the occupancy has ceased.”
The question posed for our determination is whether such averments (not necessarily in the verbatim language of the code but in substance) are essential to stating a cause of action for the summary eviction of an occupant other than a tenant.
We are of the opinion that the summary eviction by rule provided in Title XI of the Code of Civil Procedure is strictly limited to those circumstances in which there has existed between the parties a contractual relationship of some kind, expressed or implied, relative to the occupancy of the property. Either the occupant whose eviction is sought must have been a tenant, a sharecropper, day laborer, etc. of the owner or must have been occupying the property by permission or accommodation of the owner.
Certainly in order to prevail in this case plaintiff must prove that defendant is an “occupant” within the meaning of the definition thereof found in LSA-C.C.P. Art. 4704. See Crabtree v. Bordelon, La.App., 31 So.2d 890; Todt v. Santani, La.App., 167 So.2d 475 at pp. 478, 479. Since proof of this is essential to his case he should in our opinion be required to allege it.
Plaintiff contends his allegation that defendant is a “former owner” is a sufficient allegation to meet the requirements of the definition of “occupant”, and that it is unnecessary for him to allege that defendant is occupying the property by permission or accommodation of the plaintiff. His contention is based on the punctuation found in the codal definition. He argues that since each category (“sharecropper; half hand; day laborer; former owner”) is separated by a semi-colon, the phrase “and any person occupying immovable property by permission or accommodation of the *868 owner” does not modify any of the categories listed but is itself a separate category. We cannot agree with plaintiff’s contention. In our opinion the phrase modifies each of the categories. To hold otherwise would mean, for instance, that a mere trespasser would be subject to eviction under the provisions of Article 4702 if he should happen to be a day laborer, and that he would have to be given a five day notice to vacate. Of course Title XI is not applicable to trespassers. They are removed by injunction.
Furthermore the phrase “after the purpose of the occupancy has ceased” found in Article 4702 would be meaningless if the sharecropper, half hand, day laborer or former owner had not been occupying the property “by permission or accommodation of the owner.”
We are of the opinion that in order to prevail plaintiff must prove defendant has been occupying the property “by permission or accommodation of the plaintiff” and that “the purpose of the occupancy has ceased.” Since proof thereof is essential to his case his petition which lacks such allegations does not in our opinion state a cause of action.
However we are of the opinion that plaintiff should be allowed to amend his petition if he' can.
The judgment appealed from which dismisses plaintiff’s suit is annulled and set aside and the matter is remanded to the Trial Court for further proceedings according to law with instructions to permit plaintiff to amend his petition in accordance with the views herein expressed, such amendment to be filed within fifteen days from the finality of this judgment, and lacking such, timely amendment that plaintiff’s suit be dismissed at his cost. Costs of this appeal shall be borne by appellant and appellee in equal proportions.
Judgment annulled and remanded with instructions.