EVERETT, Judge.
This is an eviction proceeding instituted on behalf of Avoca, Inc., the owner of certain properties located in St. Mary Parish, against several defendants designated as the Singletons, who were living on the land owned by Avoca.
Separate actions for eviction were filed against the Singletons, individually, who occupy the six parcels of land. There were actually seven judgments ordering the eviction of the Singletons, although there were only six tracts of land because two of the defendants, Mrs. Willie Singleton and Adam Dardar, occupied a single tract.
The appeal was perfected from the seven separate judgments ordering the eviction of the Singletons and the six separate proceedings were consolidated for the purpose of appeal.
Each eviction proceeding was commenced by a “Motion for Rule to Evict Occupant” alleging that a previous judgment in a separate proceeding had been rendered against the subj ect defendants, recognizing Avoca’s right to possession of the property and declaring Avoca to be the owner of the property from which the defendants were to be evicted. The judgment recognizing Avo-ca’s right to possession of the property and ownership of the property was rendered on May 14, 1970 in a separate proceeding. That judgment was not appealed and is not before us at this time; however, the record in that proceeding was introduced into evidence in the present proceeding and it is important to recognize the meaning of that judgment since it has been alleged in these proceedings that Avoca is entitled to evict the defendants by virtue of that judgment.
In those proceedings Avoca, Inc. filed a possessory action against the Singletons which was converted into a petitory action by the answers and reconventional demands of the Singletons who claim title to the land in controversy. The District Court held that the Singletons had failed to prove an acquisitive title and Avoca was recognized as having the undisputed title to the property. It is again important to remember that the judgment in the possessory or petitory action was the basis for the institution of the Motion for Rule to Evict Occupant.
In the possessory and subsequent petitory action there was much argument concerning the effect of a lease executed by Avoca, Inc. as lessor and Willie Singleton as lessee. That lease was executed in October of 1947, stipulating that the lease should terminate on October 25, 1952. In a letter dated September 17, 1952, Avoca, Inc. wrote *632 to Willie Singleton confirming their understanding and agreement that the lease was to be renewed for an additional period of five years, beginning October 25, 1952 and ending October 25, 1957. There is no other evidence of any other lease or other agreement between Avoca, Inc. and Willie Singleton after that date. Willie Singleton is now dead and the present defendants are his heirs who admitted forthrightly in the possessory or petitory action that they were living on the land exclusively by the permission of Willie Singleton. Therefore, there appears to be no contractual relation between Avoca, Inc. and the defendants.
Since this is an eviction proceeding we must look through the provisions in our law which govern such proceedings. The Louisiana Code of Civil Procedure states that where the lessee’s right of occupancy has ceased because of the termination of the lease by the expiration of the term, action by the lessor, non-payment of rent, or for any other reason, and the lessor wishes to obtain possession of premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. LSA-C.C.P. art. 4701. If the owner of the movable property wishes to evict an occupant other than a tenant, this same type of notice must be delivered to the occupant. LSA-C.C.P. art. 4702. An “occupant” includes a share cropper; half hand; day laborer; former owner; and any person occupying the immovable property by permission or accommodation of the owner, former owner or other occupant excepting a mineral lessee, owner of a mineral servitude or a lessee of their own. LSA-C.C.P. art. 4704.
In the recent case of Stroghter v. Shepherd, 207 So.2d 865 (La.App. 4th Cir., 1968), the plaintiff filed a summary rule to evict the defendant from premises located in New Orleans. The defendant filed an exception of no cause of action to the plaintiff’s petition which was maintained and the plaintiff’s suit was dismissed. The court held that the summary eviction by rule provided in Title XI of the Code of Civil Procedure is strictly limited to those circumstances in which there has existed between the parties a contractual relationship of some kind, expressed or implied, relative to the occupancy relationship of some kind, expressed or implied, relative to the occupancy of the property. Title XI of the Louisiana Code of Civil Procedure allows the use of summary process in two cases only, (1) for the eviction of tenants, (2) for the eviction of occupants as therein defined.
While it is clear that there is not now nor has there ever been any contractual relationship between Avoca and the present defendants, it is equally clear that they have been living on the property with the permission and accommodation of Willie Singleton, Avoca’s former lessee. In Article 4704 of the Louisiana Code of Civil Procedure an “owner” is defined to include a lessee, thus it would appear that the defendants would be included within the definition of “occupant”. We do not feel that the reasoning set forth in Stroghter v. Shepherd, supra, is applicable to this matter.
We hold that the heirs of Willie Singleton are “occupants” and that Avoca is entitled to evict the defendants because “the purpose of the occupancy has ceased” by virtue of the judgment rendered in the pet-itory action, the judgment on which the action for eviction is based. LSA-C.C.P. art. 4702.
Affirmed.