384 So.2d 492 (1980)
Richard JONES et al., Plaintiffs-Appellants,
v.
John C. SKANNAL et al., Defendants-Appellees.
No. 14130.
Court of Appeal of Louisiana, Second Circuit.
May 6, 1980.
George T. Anderson, Jr., Shreveport, for plaintiffs-appellants, Richard Jones, et al.
Glenn F. Armstrong, Bossier City, for defendant-appellee, John C. Skannal.
James E. Franklin, Jr., Shreveport, for defendant-appellee, Enviro South, Ltd.
Before HALL, JONES and McCLENDON, JJ.
HALL, Judge.
Plaintiffs, Richard Jones, et al., filed this possessory action against defendants, John C. Skannal, et al., after a judgment rejecting plaintiffs' demands in prior consolidated possessory actions between the same parties involving the same property became final and definitive. See Jones v. Skannal, 368 So.2d 774 (La.App. 2d Cir. 1979), writ denied 371 So.2d 620 (La.1979). The district *493 court sustained defendants' exception of res judicata and dismissed plaintiffs' suit, holding that the issues raised by this possessory action are the same as those raised and decided in the previous actions. Plaintiffs appealed.
In the previous possessory actions this court affirmed the trial court's rejection of plaintiffs' demands, holding that plaintiffs' possession commenced as lessees or caretakers and since there was never any specific action taken by plaintiffs to make known their intention to possess the property as owners, their possession continued to be precarious and not as owners.
Plaintiffs contend res judicata does not apply because the present possessory action is based on an entirely new cause of action, that is, possession as owner quietly and without interruption for a period of more than one year prior to the time the present suit was filed. Plaintiffs argue that the previous suits involved a separate and distinct cause of action, being based on alleged possession for more than one year prior to the time those suits were filed in 1976.
Under the narrow and strict Louisiana res judicata doctrine, as embodied in LSA-C.C. Art. 2286 and as interpreted in Mitchell v. Bertolla, 340 So.2d 287 (La.1976), plaintiffs' argument appears to have merit. The previous suit determined that plaintiffs were not entitled to be maintained in possession based on the nature and character of their possession prior to the time the first suits were filed in 1976. The present suit is based on the nature and character of plaintiffs' possession during the year preceding the date on which this suit was filed, July 13, 1979, which period of time was not at issue in the previous suits. It seems apparent that the character of plaintiffs' possession changed after the filing of the first suits since the allegations contained in those suits amounted to specific action making it generally known that plaintiffs intended to possess as owners. Res judicata is not technically applicable. There is no identity of "cause" between the first two actions and the present action.
On our own motion (LSA-C.C.P. Art. 927), however, we note that plaintiffs' petition fails to state a cause of action under LSA-C.C.P. Art. 3658 because, taking cognizance of the previous proceedings pending in the district court and in this court during the year preceding the filing of the present suit, plaintiffs' possession during that time was not quiet and without interruption.
Just as the type of possession required in order to maintain a possessory action has been analogized to the possession necessary to acquire ownership of immovables by 30years acquisitive prescription, the type of interruption of possession that will bar a possessory action has been analogized to the modes of interrupting acquisitive prescription. Liner v. Louisiana Land and Exploration Company, 319 So.2d 766 (La.1975). LSA-C.C. Art. 3516 provides that there are two modes of interrupting prescription, natural and legal. LSA-C.C. Art. 3518 provides that a legal interruption takes place when the possessor has been cited to appear before a court of justice on account of either the ownership or the possession and the prescription is interrupted by such demand whether the suit has been brought before a court of competent jurisdiction or not.
The previous suits in which the right to possession of the disputed property was at issue served as a continuing legal interruption of plaintiffs' possession during the pendency of those suits. Plaintiffs' possession during the year prior to the filing of the present suit was not quiet and uninterrupted as required by LSA-C.C.P. Art. 3658.
As a matter of law, plaintiffs' petition, when considered in the light of the previous proceedings in these same courts of which these courts can and should take cognizance, does not disclose a cause of action for a possessory action.
The judgment of the district court is affirmed, insofar as it dismisses plaintiffs' suit. Costs of the appeal are assessed to plaintiffs-appellants.
Affirmed.