384 So.2d 494 (1980)
John C. SKANNAL, Plaintiff-Appellee,
v.
Johnny C. JONES, Defendant-Appellant.
No. 14120.
Court of Appeal of Louisiana, Second Circuit.
May 6, 1980.
George T. Anderson, Jr., Shreveport, for defendant-appellant, Johnny C. Jones.
Glenn F. Armstrong, Bossier City, for plaintiff-appellee, John C. Skannal.
Before HALL, JONES and McCLENDON, JJ.
HALL, Judge.
Appellant, Johnny C. Jones, appealed suspensively from a judgment of the district court ordering his eviction from property owned by appellee, John C. Skannal. We affirm.
After a judgment rejecting appellant's demands as a plaintiff in a possessory action on a finding that appellant was a precarious possessor became definitive[1] and after judgment was rendered dismissing appellant's second possessory action on an exception of res judicata from which judgment appellant took a devolutive appeal,[2] appellee brought this summary eviction proceeding pursuant to LSA-C.C.P. Art. 4701, et seq. Appellant answered the suit asserting the pendency on appeal of the second possessory action and his continuing claim to the right of possession as defenses. At trial, appellee's record ownership of the property was stipulated and the records in the possessory actions were offered into *495 evidence by the parties jointly. The district court ordered the eviction and this appeal was taken.
Appellant argues on appeal that summary eviction proceedings are not appropriate to try disputed title to property but rather are designed for situations where the possessor has no semblance of claim or title of possession, citing Foreman v. Luquette, 344 So.2d 1111 (La.App. 3d Cir. 1977). Appellant further argues that summary eviction is not available in this case because appellee failed to establish that the defendant had been occupying the property by permission or accommodation of the owner, citing Stroughter v. Shepherd, 207 So.2d 865 (La. App. 4th Cir. 1968).
The cited cases and the rules for which they stand as authority are not applicable to the instant eviction proceeding. LSA-C.C.P. Art. 4701, et seq. were designed to give landowners the right to oust illegal tenants or occupants without the burdensome expense and delay required by a petitory action. See Todt v. Santani, 167 So.2d 475 (La.App. 4th Cir. 1964). LSA-C. C.P. Art. 4702 makes the summary eviction procedure available for the eviction of an "occupant" after the purpose of the occupancy has ceased. LSA-C.C.P. Art. 4704 defines an "occupant" as including any person occupying immovable property by permission or accommodation of the owner or former owner.
The decision in the first possessory action, cited above, established that appellant's possession was precarious as lessee or caretaker by permission or accommodation of a former owner of the property and that he had no right to continued possession. Avoca, Incorporated v. Singleton, 271 So.2d 630 (La.App. 1st Cir. 1972) supports the judgment of eviction in this case because it recognizes that after possessory litigation has been completed, eviction by summary proceedings may be accomplished. The circumstances here fall specifically within the requirements for summary eviction proceedings under LSA-C.C.P. Art. 4701, et seq.
We know of no reason and are cited to no authority for holding that a pending devolutive appeal from a judgment dismissing the occupant's second possessory action on a peremptory exception should bar the landowner from proceeding with summary eviction proceedings.
The judgment of the district court is affirmed at appellant's costs.
Affirmed.
NOTES
[1] Jones v. Skannal, 368 So.2d 774 (La.App. 2d Cir. 1979), writ denied 371 So.2d 620 (La.1979).
[2] Jones v. Skannal, 384 So.2d 492 (La.App. 2d Cir. 1980), decided this day affirming the dismissal of the second suit as stating no cause of action.