436 So.2d 1270 (1983)
TARTAN TRANSPORT & CONSTRUCTION, LTD.
v.
Mr. & Mrs. Robert A. McDONALD.
No. 82 CA 0994.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
Rehearing Denied September 7, 1983.
Writ Denied November 18, 1983.
Bruce Reed, New Orleans, for plaintiff, appellant.
Matthew Chenevert, New Orleans, for defendant, appellee.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
This is an eviction rule brought by Tartan Transportation & Construction, Ltd., the alleged owner of the premises, 129 Kimberly Drive, Mandeville, Louisiana, against Robert A. McDonald and Sharon Nolan McDonald, to obtain the eviction of the McDonalds from the home. The trial court refused to order Sharon Nolan McDonald evicted. Tartan appealed. We reverse.
Mrs. Sharon McDonald raised as a defense that she was the owner. It appears from the evidence adduced at trial on the rule that the McDonalds were having marital troubles, and that Mr. McDonald stated regularly that he was giving the premises in question to his wife to effect a reconciliation, with title to be placed in Tartan, a corporation, of which Mr. McDonald was president and principal or sole owner, for tax purposes only. The McDonalds thereafter *1271 separated, with Mrs. McDonald retaining occupancy of the house.
It is quite true, as Mrs. McDonald contends, that an eviction proceeding is not a proper or appropriate place to determine title, where the defendant has a semblance of title. See Foreman v. Luquette, 344 So.2d 1111 (La.App. 3d Cir.1977); Champagne v. Broussard, 401 So.2d 1060 (La.App. 3d Cir.1981), writ denied 409 So.2d 615 (La. 1981). Cf. Avoca, Inc. v. Singleton, 271 So.2d 630 (La.App. 1st Cir.1972). However, Mrs. McDonald has failed to show she has a semblance of title. Mrs. McDonald testified at trial on the rule that her husband had verbally given the property to her and placed title in Tartan for tax purposes. However, under LSA-C.C. art. 1536 a donation of immovables must be made by authentic act. An attempted verbal donation of immovable property is without legal effect. Alexander v. Bates, 192 So.2d 186 (La.App. 1st Cir.1966).
In pleadings, Mrs. McDonald alleges as an affirmative defense that Tartan was the alter ego of Mr. McDonald, and that his funds were commingled with those of Tartan. However, no evidence that this was the case was presented at trial of the eviction rule. Thus, Mrs. McDonald has failed to prove for purposes of the eviction proceeding that she possesses under a semblance of title.
Mrs. McDonald testified she made no payments on the house. Mr. McDonald, in an obviously self-serving document, stated in a letter to G.M. Smith, agent of Tartan, that he had agreed to make payments to Tartan (presumably as rent) in the sum of $1,000.00 per month, that he had made no payments, and that he was in default.
There are only two possible analyses of the factual situation presented. Tartan, which was shown to have purchased the property from Cassidy Construction Co., Inc., is lessor, and the McDonalds lessees, who are in default on their payments, in which case Tartan is entitled to eviction under LSA-C.C.P. art. 4701. Alternatively, Tartan is owner, and the McDonalds are occupants without semblance of title, in which case Tartan is entitled to eviction under LSA-C.C.P. art. 4702. We therefore hold the trial court erred in failing to order Mrs. McDonald evicted.
We therefore reverse the judgment of the trial court and render judgment evicting Sharon Nolan McDonald from the premises, 129 Kimberly Drive, Mandeville, Louisiana, forthwith, all costs to be paid by her.
REVERSED AND RENDERED.