WATKINS, Judge.
This appeal arises out of suit for eviction of the appellant, Robert Thomas, Jr. for non-payment of rent. Appellant contends that he owns an interest in the leased premises and as a result the City Court was without jurisdiction over the subject matter of this proceeding since it involved the question of title to an immovable. Lucille Kemp, the appellee, has full record ownership of the leased premises under a Judgment of Possession rendered November 2, 1982 in the Succession of Laura Turner. Appellant has filed a petition to annul this Judgment of Possession along with a filiation suit to establish a forced heirship right in the leased premises. Both of these actions were dismissed at the dis *32 trict court level, and both are now pending on devolutive appeals.
Finding that appellee had proven record ownership and a verbal lease with appellant who was in default and that the amount was within its jurisdictional limits, the City Court rendered a judgment of eviction on July 29, 1983. We affirm.
On July 29, 1983, the appellant sus-pensively appealed the judgment of eviction in forma pauperis without posting a bond. Although a suspensive appeal was initially granted, on October 17, 1983, on a rule to show cause filed by appellee, the City Court reversed itself under the authority of LSA-C.C.P. art. 5185[1] which provides that a person proceeding in forma pauperis “is not entitled to a suspensive appeal unless he furnishes the necessary security”. Under LSA-C.C.P. art. 4735[2], an appeal does not suspend eviction unless the defendant has complied literally with the suspensive appeal requirements of this article. Rourke v. Cloud, 398 So.2d 57 (La.App.3d Cir.1981). Appellant did not make bond and so this present appeal is being maintained devolutively.
The principal issue raised by appellant is whether a pending devolutive appeal in a proceeding in another court questioning the ownership of the leased premises deprives
a City Court of jurisdiction in an eviction proceeding. Appellant argues on appeal that since he has alleged an ownership interest in the leased premises, that there is a dispute as to title between him and the appellee-lessor depriving the City Court of jurisdiction under LSA-C.C.P. art. 4849. He further argues that the two lawsuits seeking to annul the Judgment of Possession and to establish filiation, although both were dismissed and are now pending on devolutive appeal, preclude appellee from proceeding with a summary eviction proceeding.
The record established that appellee was the sole record owner of the property; that she had leased the property to appellant; that appellant was in default of the rental due; and that the requisite notice was given. The provisions of LSA-C.C.P. art. 4701, et seq. having been met we find no error in the ruling of the trial court that appellee was entitled to relief under the summary eviction procedure set forth in these articles of the Code of Civil Procedure.
Appellant’s contention that the City Court lacked jurisdiction because of the issues of ownership raised by him in the two other suits now on appeal is clearly without merit. We know of no reason and *33 are cited no authority for holding that a pending devolutive appeal from judgments dismissing lessee’s suits to annul a Judgment of Possession and to establish filiation should bar the record owner proceeding with summary eviction proceedings. Skannal v. Jones, 384 So.2d 494 (La.App. 2nd Cir.1980).
For the foregoing reasons, the judgment of the City Court is affirmed at appellant’s costs.
AFFIRMED.

. LSA-C.C.P. art. 5185 reads as follows:
When an order of court permits a party to litigate without the payment of costs, until this order is rescinded, he is entitled to:
(1) All services required by law of a sheriff, clerk of court, court reporter, notary, or other public officer in, or in connection with, the judicial proceeding, including but not limited to the filing of pleadings and exhibits, the issuance of certificates, the certification of copies of notarial acts and public records, the issuance and service of subpoenas and process, the taking and transcribing of testimony, and the preparation of a record of appeal;
(2) The right to the compulsory attendance of witnesses for the purpose of testifying, either in court or by deposition, without the payment of the fees, mileage, and other expenses allowed these witnesses by law;
(3) The right to a trial by jury and to the services of jurors, when allowed by law and applied for timely; and
(4) The right to a devolutive appeal, and to apply for supervisory writs.
He is not entitled to a suspensive appeal, or to an order or judgment required by law to be conditioned on his furnishing security other than for costs, unless he furnishes the necessary security therefor.
No public officer is required to make any cash outlay to perform any duty imposed on him under any article in this Chapter.

. LSA-C.C.P. art. 4735 reads as follows:
An appeal does not suspend execution of a judgment of eviction unless the defendant has answered the rule under oath, pleading an affirmative defense entitling him to retain possession of the premises, and the appeal has been applied for and the appeal bond filed within twenty-four hours after the rendition of the judgment of eviction. The amount of the suspensive appeal bond shall be determined by the court in an amount sufficient to protect the appellee against all such damage as he may sustain as a result of the appeal.