WARD, Judge.
J. Brown Larose, III, filed suit seeking to obtain damages from his sublessee, Helen Barrow, for her breach of an alleged five year oral sublease of retail space.
On April 2, 1985, Barrow approached La-rose to sublease property on 1563 Tulane Avenue. The parties agreed that a $700.00 per month, five year lease was acceptable. Also, they recognized that renovation work would be necessary to make the premises suitable for Barrow's intended retail dress shop. A deposit of $700.00 was agreed upon, and Barrow tendered Larose a personal check for $700.00 made out to “Cash.” Barrow wrote “Hold” on the check and asked Larose to hold it for three days before depositing it so that the check would clear. Larose then gave Barrow the key to the premises. It was agreed Larose would prepare a written lease setting forth the terms of the agreement.
On April 18, 1985, Barrow’s $700.00 deposit check was returned to Larose for non-sufficient funds. Barrow informed La-rose that she would not honor the check and that she had decided not to go forward with the lease, primarily because the cost of renovation would be too great. On August 1, 1985, Larose subleased the property to another tenant for $600.00 per month and filed suit against Barrow.
The Trial Judge found that there was a breach of a binding verbal agreement to lease for a period of five years at $700.00 per month. Because Larose later subleased the premises to a third party, the Trial Judge reduced the damages. He awarded Larose $7,400 plus legal interest from date of judicial demand until paid and all costs of the proceedings. Barrow appeals.
By her first assignment of error Barrow argues that there was never a verbal agreement and without a signed written agreement specifying the extent and cost of renovation and the duration of the lease, she is not bound. Larose answers that a verbal agreement had been reached to lease the premises on April 2, 1985, effective May 1, 1985.
Barrow concedes that under Louisiana law it is possible for an oral agreement to become a valid and enforceable lease even though the parties had contemplated that the agreement would be reduced to writing. But Barrow argues that an oral agreement to lease is binding only if it includes all of the details and conditions contemplated and has been acted upon by the parties. Otherwise, the oral agreement is incomplete, allowing either party to withdraw. City of New Orleans v. Hautot, 185 So.2d 24 (La.App. 4th Cir.1966).
A written lease, Barrow argues, would for the first time have revealed to her that Larose could not give her the five year term negotiated because Larose’s verbal prime lease with the owner stipulated that *1301 he could occupy or sublease the premises only until the owner sold the building. La-rose, however, testified that on April 2, 1985 he had explained to Barrow that as the “primary lessee, he could only guaranty that she [could] have the building for ... five years ... as long as the building was not sold. But if it were sold, [he] along with Barrow would be forced to leave the building.” Since Larose’s testimony was uncontradicted at trial, this Court concludes that Barrow was given notice and agreed to this resolutory condition of lease.
The three essentials to a lease contract: the thing, the price and the consent are present in this case. The parties agreed upon the “thing”, a five year lease on certain retail space subject to a resolutory condition, and the “price”, and immediate deposit of $700.00 and $700.00 per month rent beginning May 1, 1985. The element of “consent” is evident by the actions of the parties: Barrow tendered Larose a check for deposit in exchange for the key to the premises and permission to commence renovation operations. Therefore, an oral lease was perfected by the parties’ agreeing and acting on the essential elements of the lease.
By her second assignment of error Barrow asserts that the awarded damages should not have been on lost profits for the full five years of the lease. Instead, Barrow argues that damages should be limited to the date of trial because an award beyond that point would be speculative and could lead to unjust enrichment of Larose, who himself could be evicted from the premises at any time. The stipulation that should the owner evict Larose, the sublease with Barrow would automatically terminate, is a resolutory condition as authorized in La.C.C. art. 1767. The parties agreed to this condition of the sublease, and it has no effect on Larose’s remedy for breach of the sublease contract.
Although it is unclear how the Trial Judge calculated the damages, nevertheless except as stated above, the parties do not contest the damages awarded by the Trial Judge. Therefore, Larose is entitled to lost rental damages awarded by the Trial Court. Judgment and damages are affirmed. All costs of this appeal to be paid by Barrow.
AFFIRMED.