LANDRIEU, J.,
DISSENTING AND ASSIGNING REASONS.
Plaintiff instituted a summary eviction proceeding pursuant to La.C.C.P. article 4702. As a co-owner of an undivided one-half interest in the premises and usufruc-tuary of the entire property, I believe plaintiff clearly qualifies as an “owner” entitled to utilize this proceeding to evict the occupants. Unlike the majority, however, I also believe the defendants, partial naked owners occupying the premises, qualify as “occupants” within the meaning of the eviction articles.
Article 4704 defines “occupant,” in pertinent part, as “any person occupying immovable property by permission or accommodation of the owner, former owner, or another occupant.” I do not agree with the majority’s conclusion that this definition inherently excludes persons such as the defendants, who are naked owners in indivisión with plaintiff. In Skannal v. Jones, 384 So.2d 494 (La.App. 2d Cir.1980), the court specifically rejected the argument that the summary eviction proceeding is available only in cases where the possessor or occupant has no semblance of claim or title of possession. In that case, the Second Circuit held that the victor in a possessory action could use the summary proceeding to evict the losing party in the possessory action even though an appeal was pending as to that party’s claim of ownership. The court noted that the summary eviction articles were designed to give landowners the right to oust illegal tenants or occupants [^without the burdensome expense and delay of a petitory action. To effect this purpose, the court declined to give a restrictive interpretation to the word “occupant.” Id. at 495.
Similarly, I would hold that the term “occupant” as used in the summary eviction articles is broad enough to encompass anyone occupying the property without a legal right to do so. In this case, the partial naked owners clearly have no right to occupy the property over the objection of the usufructuary.
For these reasons, I would affirm the judgment of the trial court.