Dwight BRIDGES

v.

Antoinette ANDERSON

NO. 2016–CA–0432

Court of Appeal of Louisiana, Fourth Circuit.

DECEMBER 7, 2016

Rehearing Denied December 19, 2016

APPEAL FROM FIRST CITY COURT OF NEW ORLEANS, NO. 2016–00914, SECTION "A", Honorable Monique G. Morial, Judge.

Cherie Teamer, TEAMER LEGAL CORP, LLC, 300 Huey P. Long, Suite E,

Gretna, LA 70053, COUNSEL FOR PLAINTIFF/APPELLEE

Deidre K.Peterson, THE PETERSON LAW FIRM, LLC, 102 Brunswick Court, New Orleans, LA 70131, COUNSEL FOR DEFENDANT/APPELLANT

(Court composed of Judge Paul A. Bonin, Judge Daniel L. Dysart, Judge Sandra Cabrina Jenkins).

Judge Daniel L. Dysart

This is an appeal of a trial court judgment granted in favor of plaintiff-appellee, Dwight Bridges, and against defendant-appellant, Antoinette Anderson, ordering Ms. Anderson to vacate a property located in New Orleans, Louisiana. From the record before us, we find no manifest error in the trial court's ruling, which we affirm.

**FACTS AND PROCEDURAL HISTORY**

On February 4, 2016, plaintiff-appellee, Dwight Bridges, filed a Rule for Possession of Premises ("Rule), seeking to evict defendant-appellant, Antoinette Anderson from property owned by Mr. Bridges and leased by Ms. Anderson.[1] In his Rule, Mr. Bridges alleged that there existed a verbal lease agreement between the two, pursuant to which Ms. Anderson was to pay a monthly rent of $800.00. Mr. Bridges further alleged that Ms. Anderson had not paid rent for three months, thereby owing $2,400 in past due rent (from December 1, 2015 through February 4, 2016).

In her Answer to the Rule, Ms. Anderson maintained that she paid rent for December, 2015, but that Mr. Bridges refused to accept rental payments for January and February, 2016. She contended that his refusal was "retaliate[tion] against her because [Mr. Bridges] has failed to provide her with a safe and sanitary housing condition due to her disability in which she demanded he fulfill his obligations, but instead [he] filed for eviction."

The matter was heard before the trial court; both parties appeared without counsel. By judgment dated February 16, 2016, the trial court granted the Rule and ordered that Ms. Anderson vacate the premises within twenty-four hours.

On February 17, 2016, Ms. Anderson filed a Motion to Stay Judgment Pending Appeal to the Fourth Circuit Court of Appeal which was denied by the trial court on the same date, with a notation that "the law requires the defendant to post one month's rent as bond." Ms. Anderson then filed, again on February 17, 2016, a "Resubmission of Notice of Appeal and Motion for Stay of Judgment Pending Filing of Appeal to the Fourth Circuit Court of Appeals [sic]." Because Ms. Anderson posted $800.00, the trial court granted the appeal and motion to stay on February 17, 2016.

Thereafter, on March 9, 2016, Ms. Anderson filed a Motion for Preliminary Injunction and Restraining Order ("Motion"). In the Motion, Ms. Anderson sought an order from the trial court compelling Mr. Bridges to reinstall her water meter, refrain from interfering with her mail and refrain from "slandering her name in the present [sic] of the residents in the community and her companion."[2] The trial

---

1. The Rule was filed along with an Application for Rule for Possession of Premises. The latter document was signed and filed by Georgia Carey, appearing as agent, and lists the "person filing" as "Arlette Gerhold and/or Georgia Carey."

2. Ms. Anderson alleged that Mr. Bridges had the Sewerage and Water Board remove her water meter, refused to make necessary repairs to the property, "confiscate[ed] her mail" and harassed her "with derogatory statements to the neighbors and her companion." She further alleged that she was under a physician's care for "treatment [for] physical

court denied the Motion on the basis that it no longer had jurisdiction due to the pending appeal.

On March 10, 2016, the trial court issued an Amended Order by which it ordered that Ms. Anderson deposit $800.00 into the registry of the court on the first of each month "during the pendency of the appeal," the failure of which could "result in the dismissal of her suspensive appeal."

Mr. Bridges then filed a Motion to Dismiss on March 28, 2016, in which he sought a dismissal of the action based upon "non[ ] payment of the rent for March to court registry." While the trial court signed the order dismissing the suit, it also stamped the motion with the notation "Vacated."

On March 28, 2016, Ms. Anderson moved to vacate the amended order and motion to dismiss in which she argued that Mr. Bridges's motion to dismiss, filed *pro se* and without his attorney of record's signature, was a violation of "judicial process." She further argued that the trial court's grant of the motion to dismiss violated her "constitutional procedural and substantive rights, and statutory right to file her pending suspensive appeal." By judgment dated March 28, 2016, the trial court granted Ms. Anderson's motion to vacate the dismissal and the amended order.

This appeal followed.

## DISCUSSION

It is well-settled that a trial court's ruling on an eviction proceeding is subject to a "clearly wrong/manifestly erroneous" standard of review on appeal. *Housing Authority of New Orleans v. Haynes*, 14–1349, p. 16 (La.App. 4 Cir. 5/13/15), 172 So.3d 91, 99. Accordingly, as we stated in *Housing Authority of New Orleans*, "[a] judgment of eviction must be reversed when the lessor fails to prove the legal ground upon which the lessee should be evicted." *Id.* quoting *Housing Authority of New Orleans v. King*, 12–1372, p. 4 (La. App. 4 Cir. 6/12/13), 119 So.3d 839, 842.

Appellant raises several assignments of error, all of which essentially make the same argument; namely, that the trial court erred in granting a judgment of eviction.[3] As discussed herein, these assignments of error do not merit a finding of manifest error in, or a reversal of, the trial court's ruling.

We first note that oral leases are generally valid under Louisiana law. *See, e.g., Quigley v. T.L. James & Co.*, 595 So.2d 1235, 1238 (La. App. 4 Cir. 1992). In order to confect a lease, there are "three essential [elements]...: the thing, the price and the consent." *Larose v. Barrow*, 499 So.2d 1299, 1301 (La. App. 4 Cir. 1986). Neither party to this appeal contends that there was no valid oral lease; although the precise terms of the lease are unclear, the object of the lease and the monthly rental amount, to which the parties apparently consented, is clear.

Under Louisiana Code of Civil Procedure article 4701, "[w]hen a lessee's right of occupancy has ceased because of the

and emotional disorders from traumatic ordeals," conditions which were being exacerbated by her having "to participate in these proceedings."

**3.** The specific assignments of error are as follows: (1) "The trial court erred in facts finding granting eviction against Antoinette Anderson for failure to make rental payments;" 2. "The trial court erred as a matter of law in failing to dismiss the frivolous claim filed by Arlette Gerhold and Georgia Carey on behalf of Dwight Bridges;" 3. "The trial court committed legal error;" and 4. "The trial court committed reversible error in failing to find Antoinette Anderson performed her obligations under the lease agreement."

termination of the lease [for] nonpayment of rent ... and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises." Article 4701 further provides that when "the lease has no definite term, the notice required by law for its termination shall be considered as a notice to vacate under this Article."

The procedure by which a lessee is evicted is governed by La. C.C.P. Art. 4731 A, which provides, in pertinent part, that "[i]f the lessee or occupant fails to comply with the notice to vacate required under this Title, ... and has lost his right of occupancy for any reason, the lessor or owner, or agent thereof, may cause the lessee or occupant to be cited summarily by a court of competent jurisdiction to show cause why he should not be ordered to deliver possession of the premises to the lessor or owner. The rule to show cause shall state the grounds upon which eviction is sought." Thereafter, if the trial court "finds the lessor or owner entitled to the relief sought, ... the court shall render immediately a judgment of eviction ordering the lessee or occupant to deliver possession of the premises to the lessor or owner." La. C.C.P. Art. 4732 B.

While the record does not contain any background information with respect to the terms of the lease, neither party disputes that there was an oral lease agreement by which Ms. Anderson was to pay rent to Mr. Bridges in the amount of $800.00 per month. The start date of the lease is unclear from the record, although in each of their appellate briefs, the parties agree that the lease began on November 1, 2014. Mr. Bridges repeatedly maintained at the eviction proceeding that Ms. Anderson had not paid any rent since November, 2015. Ms. Anderson, however, apparently produced a receipt signed by Mr. Bridges which reflects an $800.00 payment for rent for that month.[4] The trial court was satisfied that the rent had been paid for December, 2015.

With respect January, 2016, Ms. Anderson testified that when she attempted to pay rent, Mr. Bridges "said 'don't talk to him [sic].'" Mr. Bridges, on the other hand, testified that Ms. Anderson never offered to pay rent for January or February, 2016. Ultimately, Ms. Anderson admitted that the rent was outstanding and that she didn't "want to stay" in the rental property. She also indicated that she "[did] not want to pay January and February rent."

In rendering judgment in Mr. Bridges's favor and ordering eviction, the trial court clearly found that rent had not been paid for two months and did not accept Ms. Anderson's testimony that she had offered to pay rent. This finding is a credibility determination for which we defer to the trial court. See Taylor v. Louisiana Mut. Med. Ins. Co., 14–0727, p. 4 (La.App. 4 Cir. 1/14/15), 158 So.3d 900, 902 ("[w]here the findings of fact are based on determinations regarding the credibility of wit-

---

4. The record contains none of the exhibits which were introduced at the hearing. Counsel for Ms. Anderson attached copies of several documents to her brief, including copies of receipts which were purportedly proffered at the hearing. The transcript of the hearing does not reflect any such proffer. Nor do we consider these documents in this opinion; it is well settled that documents not introduced to the trial court, but rather are attached to briefs, are not a part of the record on appeal and cannot be considered by the court in resolving issues on appeal. See Miccol Enterprises, Inc. v. City of New Orleans, 12–0864, p. 7 (La.App. 4 Cir. 12/19/12), 106 So.3d 746, 750–751.

nesses, we must defer to the factfinder's determination and, specifically, '[w]here the factfinder's determination is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous.' ")(citation omitted). We find no manifest error in either the trial court's ruling that rent was outstanding for the months of January and February, 2016, or in its determination that, based on this unpaid rent, the eviction of Ms. Anderson was in order. We therefore affirm Ms. Anderson's eviction.

We likewise find no merit to Ms. Anderson's remaining arguments.

First, Ms. Anderson argues that neither Ms. Gerhold nor Ms. Carey are licensed attorneys with the State Bar Association, and therefore are unauthorized to represent Dwight Bridges in the eviction proceeding . . . ." As Article 470, *supra*, indicates, when a lessee's right of occupancy has ceased, either the lessor or his agent may give notice to vacate. *See* La. C.C.P. Art. 4701 ("the lessor or owner, or agent thereof, may cause the lessee or occupant to be cited summarily by a court of competent jurisdiction to show cause why he should not be ordered to deliver possession of the premises to the lessor or owner."). Here, the Application for Rule for Possession of Premises was filed by "Arlette Gerhold and/or Georgia Carey" and signed

by Ms. Carey as Mr. Bridges's agent, as is contemplated by Article 4701.

Moreover, any issue with respect to the capacity of Ms. Carey to have filed the Rule for Possession should have been raised by a dilatory exception of lack of procedural capacity pursuant to La. C.C.P. Art. 926 A(6). *See Harvey v. State*, 14–0156, p. 12 (La.App. 4 Cir. 12/16/15), 183 So.3d 684, 695, *writ denied*, 16–0105 (La. 3/4/16), 188 So.3d 1060 ("[t]he dilatory exception of lack of procedural capacity raises the issue of want of capacity of the plaintiff to institute and prosecute the action and stand in judgment, and/or challenges the authority of a plaintiff who appears in a purely representative capacity.")(citation omitted).[5] A dilatory exception is waived if not pleaded prior to an answer. La. C.C.P. Art. 926 B, 928. *See also, Bock v. Burnham*, 419 So.2d 6, 8 (La. App. 4th Cir 1982)("if the exception of lack of procedural capacity is not timely filed it is waived."). In this matter, Ms. Anderson first raised the issue of Ms. Carey's capacity to have filed the Rule for Possession on Mr. Bridges's behalf in her appellate brief. As such, she did not preserve this issue for review.

Ms. Anderson's argument that Mr. Bridges breached the lease by not providing her with a "safe, decent and sanitary unit as agreed" is likewise not properly before this Court.[6] This is a suit for eviction; while Ms. Anderson, in her answer,

---

5. In her appellate brief, Ms. Anderson raises the exceptions of no cause or right of action, again arguing that because her lease agreement was with Mr. Bridges, and she has no contract with Ms. Carey, Ms. Carey is not the proper party to bring suit. The proper exception is neither the exception of no cause of action not the exception of no right of action; rather, it is the exception of lack of procedural capacity, which "raises the issue of want of capacity of the plaintiff to institute and prosecute the action" and "tests a party's legal capacity to bring a suit." *Woodard v. Upp*, 13–

0999, pp. 4–5 (La.App. 1 Cir. 2/18/14), 142 So.3d 14, 18. "'Lack of capacity' is not synonymous with no right of action." *Id.*, 13–0999, p. 5 (La.App. 1 Cir. 2/18/14), 142 So.3d at 18.

6. Related to this issue are her claims that Mr. Bridges was "unjustly enriched by his deceptive business negotiations promising to make repairs to the unit she occupied, but failing to do so."

indicated that Mr. Bridges had not provided her with "safe and sanitary housing," she filed no reconventional demand against him. Furthermore, as this Court recognized in *Trapani v. Morgan*, 426 So.2d 285, 290 (La. App. 4th Cir. 1983):

> The law provides that the lessee may be expelled from the property if he fails to pay the rent when it becomes due. LSA–C.C. Art. 2712. The neglect of the lessor to fulfill his engagements may give cause for a dissolution of the lease. LSA–C.C. Art. 2729. If the lessor refuses or neglects to make the necessary repairs, the lessee may himself cause those repairs to be made and deduct the price from the rent due, on proving that the repairs were indispensible and that the price which he has paid was just and reasonable. LSA–C.C. Art. 2694.

In citing these articles, the court in *Cameron v. Krantz*, 299 So.2d 919 (La. App. 3rd Cir.1974) states:

> "The jurisprudence interpreting these articles of the Civil Code is settled that a lessor's breach of his obligation to repair the leased premises does not exonerate the lessee from his obligation to pay the stipulated rental if he continues to occupy and use those premises. If the lessor fails to make the repairs required by the lease contract or by law, the lessee at his option may either (1) complete the repairs himself within a reasonable time, and deduct the cost of them from the rent to become due, on proving that the repairs were indispensible and that the price which he has paid was just and reasonable, or (2) he may terminate the lease and surrender possession of the premises to the owner."

Like the plaintiff in *Trapani*, Ms. Anderson, who admitted to having lived in the property since November, 2014, neither made the necessary repairs and deducted their costs nor terminated the lease at any time. Accordingly, Mr. Bridges's alleged breach of the lease agreement is not at issue in this proceeding.

**CONCLUSION**

For the reasons set forth more fully herein, the judgment of the trial court is affirmed.

**AFFIRMED**

**JENKINS, J., DISSENTS WITH REASONS**

**JENKINS, J., DISSENTS WITH REASONS**

I respectfully dissent. In a review of the record of this matter, I find the trial court erred as a matter of law by granting the eviction without taking any evidence, without the introduction of any exhibits, and without placing any witnesses under oath. The transcript of the proceeding indicates that no exhibits were introduced and neither party was placed under oath. Rather, the trial court merely discussed this matter with the parties in open court without taking evidence or hearing any sworn testimony on this matter. Thus, the record is void of any evidence establishing the legal ground upon which the trial court granted the judgment of eviction. "A judgment of eviction must be reversed when the lessor fails to prove the legal ground upon which the lessee should be evicted." *Housing Authority of New Orleans v. King*, 12–1372, p. 4 (La. App. 4 Cir. 6/12/13), 119 So.3d 839, 842, *citing Kenneth and Allicen Caluda Realty Trust v. Fifth Business L.L.C.*, 06–608, p. 4 (La. App. 5 Cir. 12/27/06), 948 So.2d 1137, 1138; *see also, Housing Authority of New Orleans v. Haynes*, 14–1349 (La. App. 4 Cir. 5/13/15), 172 So.3d 91, 104 (Tobias, J., concurring) ("No 'relaxed' or simplified rules of evidence apply to eviction proceedings.").

Consequently, I would reverse the trial court's judgment of eviction.