<span style="color:red">**CORRECTED OPINION**</span>

| | | |
|---|---|---|
| **SUNSET HARBOUR, LLC** | * | **NO. 2023-CA-0644** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **EDWARD L. RENTON, JR., ET AL.** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-01240, DIVISION "L"
Honorable Kern A. Reese, Judge
**\* \* \* \* \* \***
**Judge Rosemary Ledet**
**\* \* \* \* \* \***

(Court composed of Chief Judge Terri F. Love, Judge Rosemary Ledet, Judge Nakisha Ervin-Knott)

LOVE, C.J., CONCURS IN THE RESULT AND ASSIGNS REASONS

James E. Uschold
Mark J. Boudreau
Paul W. Pritchett
JAMES E. USCHOLD, PLC
700 Camp Street, Suite 317
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLANT

Robert Louis Raymond
14108 River Road
P. O. Box 340
Destrehan, LA 70047

      COUNSEL FOR DEFENDANT/APPELLEE

**REVERSED**
**March 20, 2024**

This is an eviction case. Defendant-in-Rule – Sunset Harbour, LLC ("Sunset Harbour") – is the owner of improvements on a property leased by Plaintiff-in-Rule – Edward L. Renton ("Mr. Renton"). On June 2, 2023, the trial court granted Mr. Renton's rule to evict. From this judgment, Sunset Harbour appeals. For the reasons that follow, we reverse the trial court's judgment on Mr. Renton's rule to evict.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Renton acquired the full lease to a boathouse located at 7359 W. Roadway, New Orleans, Louisiana 70124 ("the Boathouse") in 1999. The State of Louisiana owns the Boathouse, and the Lakefront Management Authority manages it (collectively "LMA").

During his time as lessee, Mr. Renton made improvements ("the Improvements") to the Boathouse. While the Boathouse is not taxable property because the State owns it, the Improvements were owned by Mr. Renton and

---

[1] Because we reverse the trial court's judgment on Mr. Renton's rule to evict, we decline to discuss the trial court's ruling on Sunset Harbour's exceptions of no right of action, no cause of action, and improper use of summary proceeding.

subject to ad valorem taxation by the City of New Orleans. For unstated reasons, Mr. Renton did not pay property taxes on the Improvements. As a result, a 98% tax sale interest was sold to a third party in a tax sale.

Sunset Harbour later purchased the 98% tax sale interest from the same third party.[2] Since then, Sunset Harbour has obtained sole possession of the Improvements by purchasing the remaining 2% interest from Mr. Renton through partition. The trial court confirmed Sunset Harbour's ownership of the Improvements in a final judgment.

After finalization of the tax sale and partition, Mr. Renton filed a rule to evict Sunset Harbour from the Boathouse. Following a hearing, the trial court granted Mr. Renton's rule to evict and ordered Sunset Harbour to remove the Improvements from the Boathouse. This appeal followed.

## DISCUSSION

Although Sunset Harbour assigns eight errors on appeal, the primary issue is whether the trial court erred in granting Mr. Renton's rule to evict.[3] Sunset

---

[2] Whether the tax sale included ownership of the Boathouse lease in addition to the Improvements is disputed by the parties but not before this Court.

[3] On appeal, Sunset Harbour assigns as error the following:

1. The trial court erred in overruling Sunset Harbour's Exceptions of Improper Use of a Summary Proceeding, No Right of Action, No Cause of Action, and Res Judicata.

2. The trial court erred in holding that rule to evict can be brought against an alleged trespasser who is neither a lessee nor an occupant.

3. The trial court erred in holding that a rule to evict (a summary proceeding) can be brought in a quiet title action (an ordinary action).

4. The trial court erred in allowing a rule to evict to be brought in a closed case.

2

Harbour contends that the trial court erred in granting Mr. Renton's rule to evict. Based on our review of the record, we hold that Mr. Renton did not sufficiently establish that Sunset Harbour was an occupant of the Boathouse.

"A trial court's ruling on an eviction proceeding is subject to a 'clearly wrong/manifestly erroneous' standard of review on appeal." *Artspace Bell Sch. v. Tequilla Dozier*, 22-0404, p. 3 (La. App. 4 Cir. 12/8/22), 367 So.3d 669, 671 (citing *Bridges v. Anderson*, 16-0432, pp. 3-4 (La. App. 4 Cir. 12/7/16), 204 So.3d 1079, 1081). "This standard of review requires the appellate court to apply a two-part test: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes the finding is clearly wrong (manifestly erroneous)." *Kirton v. Ramelli Janitorial Service Payroll L.L.C.*, 21-0035, p. 6 (La. App. 4 Cir 10/13/21), 366 So.3d 356, 360 (citations omitted).

In an eviction proceeding against an occupant, the petitioner is required to make a prima facie showing of title to the property, prove the defendant is an occupant as defined in La. C.C.P. art. 4704, and show the purpose of the

---

5. The trial court erred in holding that the holder of an unrecorded lease to land has a right of action to evict the owner of improvements on the land.

6. The trial court erred in holding that the holder of an unrecorded lease to land has a right of action to demand that the owner of improvements on the land remove those improvements.

7. The trial court erred in holding that Renton's claim that his involuntary transfer of ownership of improvements to Sunset Harbour did not includes right of *usus*, *fructus*, and *abusus* was not barred by res judicata.

8. The trial court erred in ordering Sunset Harbour Evicted from the land and order Sunset Harbour to remove the improvements.

occupancy has ceased. *See Durden v. Durden*, 14-1154, p. 23 (La. App. 4 Cir. 4/29/15), 165 So.3d 1131, 1147 (quoting *Moody Inv. Corp. v. Occupants of 901 East 70th St.*, 43,936, p. 4 (La. App. 2 Cir. 8/13/08), 990 So.2d 119, 122; *see also R&R Land Co. v. Lawson*, 427 So.2d 1356 (La. App. 2d Cir. 1983). An occupant is defined as any person occupying immovable property by permission or accommodation of the owner, former owner, or another occupant. *See* La. C.C.P. art. 4704.[4]

As mentioned above, Mr. Renton is a lessee of the Boathouse through his lease with the LMA. His status as a lessee is evidenced by the lease itself and an affidavit from Louis J. Capo, the LMA's Executive Director, stating that Mr. Renton is in good standing. Thus, Mr. Renton made a prima facie showing of title to the Boathouse for the purposes of bringing forth an eviction proceeding.

In *Stroughter v. Shepherd*, 207 So.2d 865 (La. App. 4th Cir.1968), this Court affirmed the dismissal of an eviction proceeding when the plaintiff did not allege either that the defendant had been occupying the property by permission or accommodation of the plaintiff or that the purpose of the defendant's occupancy had ended. Further, this Court held that Title XI of the Code of Civil Procedure,

---

[4] Louisiana Code of Civil Procedure Article 4704 provides:

> Unless the context clearly indicates otherwise, as used in [Title XI of the Louisiana Code of Civil Procedure] the following terms have the following meanings:
> …
> "Occupant" includes a sharecropper; half hand; day laborer; former owner; and any person occupying immovable property by permission or accommodation of the owner, former owner, or another occupant, except a mineral lessee, owner of a mineral servitude, or a lessee of the owner;
> …
> Owner" includes a lessee…

which governs eviction proceedings, is strictly limited to those circumstances in which a contractual relationship existed relative to the occupancy of the property. *Id.* at 867.

The lease to the Boathouse is between Mr. Renton and the LMA. The rule to evict does not contain an allegation or record of a lease to which Sunset Harbour is a party. In fact, Mr. Renton specifically alleges that Sunset Harbour has no right to occupy the leased property because it has no lease to the Boathouse. Similar to the facts of *Stroughter*, Sunset Harbour did not present any evidence that establishes its occupancy through any relationship with Mr. Renton or the LMA.

As a result, Mr. Renton did not make a prima facie case demonstrating that Sunset Harbour is an occupant under La. C.C.P. art. 4704. The trial court did not have a reasonable factual basis for finding that Sunset Harbour was an occupant of the Boathouse. Thus, we conclude that the trial court was manifestly erroneous in granting Mr. Renton's rule to evict.

### DECREE

For the foregoing reasons, the trial court's judgment on the rule to evict is reversed.

**REVERSED**