| JACKSON'S LANDING NORTH | * | NO. 2023-CA-0782 |
|---|---|---|
| | * | |
| VERSUS | * | COURT OF APPEAL |
| | * | |
| GARNISHA PHILLIPS | * | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
SECOND CITY COURT OF NEW ORLEANS
NO. 2023-00874-S, "A"
Honorable Ernestine Lillie Anderson-Trahan, Judge
\* \* \* \* \* \*
**Judge Rachael D. Johnson**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson, Judge Nakisha Ervin-Knott)

**DYSART, J., DISSENTS**
**LEDET, J. DISSENTS WITH REASONS**

Kenneth E. Pickering
PICKERING & COTOGNO
1515 Poydras Street, Suite 1800
New Orleans, LA 70112-3776

     COUNSEL FOR PLAINTIFF/APPELLEE

David Holman Williams
SOUTHEAST LOUISIANA LEGAL SERVICES
1340 Poydras St.
Suite 400
New Orleans, LA 70112

     COUNSEL FOR DEFENDANT/APPELLANT

                  **VACATED AND REMANDED**
                     **MAY 13, 2024**

Appellant, Garnisha Phillips, seeks review of the Second City Court's June 21, 2023 judgment, granting the Appellee, Jackson's Landing North's ("JLN"), rule for possession of premises (hereinafter referred to as an "eviction"). After review of the record in light of applicable law, we find that the trial court's judgment is manifestly erroneous. Therefore, we vacate the June 21, 2023 judgment and remand this matter for a new trial.

## Facts and Procedural History

Ms. Phillips entered into a lease agreement with JLN, in March 2023, leasing one of its apartments in New Orleans. The following month JLN issued two lease violations to Ms. Phillips. The record reflects that lease violations were issued on April 13, 2023, and April 26, 2023, respectively. Prior to posting the latter violation, JLN issued a notice to vacate to Ms. Phillips on April 24, 2023, alleging that she fought on the premises.

JLN filed for an eviction in Second City Court in June 2023 to evict Ms. Phillips from her apartment. JLN was represented by its property manager,

Danielle Spezio, at the eviction hearing. At the conclusion of a two-day hearing, on June 21, 2023, the trial court granted JLN's eviction after denying Ms. Phillip's motion for continuance and overruling her two exceptions of prematurity.

This timely suspensive appeal followed. On appeal, Ms. Phillips raises three assignments of error. However, the record evidences two prejudicial legal errors made during the eviction hearing: the trial court erred by failing to swear-in JLN's agent, Danielle Spezio, and by calling a witness on behalf of JLN. Although the above-referenced errors were not raised by Ms. Phillips, appellate courts have "the constitutional and statutory authority to raise an issue *sua sponte* on appeal when justice" so requires. *Lonzo v. Lonzo,* 17-0549, p. 9 (La. App. 4 Cir. 11/15/17), 231 So. 3d 957, 964. We discuss these errors more fully below.

## Standard of Review

In eviction proceedings, a trial court's judgment of eviction is subject to a clearly wrong or manifestly erroneous standard of review on appeal. *Bridges v. Anderson*, 16-0432, p. 3 (La. App. 4 Cir. 12/7/16), 204 So.3d 1079, 1081. The lessor carries the burden of proof in an eviction proceeding and must establish— by a preponderance of the evidence— the existence of a valid lease and that a violation of thereof provides sufficient grounds for an eviction. See *200 Carondelet v. Bickham*, 17-0328, pp. 4-5 (La. App. 4 Cir. 10/25/17), 316 So.3d 955, 959 (citation omitted).

"When the trial court, however, makes one or more prejudicial legal errors that poison the fact-finding process, producing an erroneous result, then, a manifestly erroneous judgment must be reviewed under the *de novo* standard." *Artspace Bell Sch. v. Dozier*, 22-0404, p. 3 (La. App. 4 Cir. 12/8/22), 367 So.3d

2

669, 672. "A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights." *Deutsche Bank Nat'l Tr. Co. as Tr. for Ameriquest Mortg. Sec. Inc. v. Price*, 21-0430, p. 6 (La. App. 4 Cir. 12/15/21), 333 So.3d 1280, 1284. Prejudicial errors are reversible errors, whereas an error that is not prejudicial is a harmless error that is not reversible. *Nielsen v. Nielsen*, 55,447, p. 7 (La. App. 2 Cir. 11/22/23), 375 So.3d 1042, 1048 (citation omitted). "When such a prejudicial error of law skews the trial court's finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts *de novo*." *Id.* (quoting *Key v. Monroe City Sch. Bd.*, 45,096 (La. App. 2 Cir. 3/10/10), 32 So.3d 1144). Having found two legal errors, as more fully explained below, we shall discuss how the trial court's judgment is manifestly erroneous and why the record prevents this Court from conducting a *de novo* review.

### Prejudicial Errors

As previously noted, the record reflects that the trial court erred by failing to swear-in JLN's agent, Danielle Spezio, and by calling a witness on behalf of JLN.

The transcript of the hearings held on June 20, 2023 and June 21, 2023 reflects that JLN was represented by its agent and property manager, Ms. Spezio. Ms. Spezio is not an attorney. When the hearing began, the court did not ask Ms. Spezio to identify herself on the record and, more importantly, she was not sworn-in despite the lower court eliciting her would-be testimony throughout the course of the two-day trial. Both the Louisiana Code of Civil Procedure and the Louisiana

Code Evidence provide that "[b]efore testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so." La. Code Civ. Proc. art. 1633 (A); La. Code Evid. art. 603. Ms. Spezio's statements at the hearing were integral to the trial court's decision to grant JLN's eviction. The court erred in failing to swear-in Ms. Spezio and further erred in relying on her un-sworn statements in granting JLN's eviction.

The record further reflects that the trial court called JLN's security guard, Officer Annis Broussard of the Second City Court Constable's Office, as a witness on behalf of JLN, over Ms. Phillips' objection. This was in error. "The court, at the request of a party or if otherwise authorized by legislation, may call witnesses, and all parties are entitled to examine witnesses thus called." La. Code of Evid. art. 614(A). We find no legislation authorizing the trial court's actions in the instant matter; therefore, the trial court erred in calling Officer Broussard to testify.

The combination of the above described errors reveals that in assisting Ms. Spezio as though she was a *pro se* plaintiff, the Court ultimately assisted JLN— the actual plaintiff— in carrying its burden of proof in an eviction proceeding, which is impermissible. These prejudicial errors, primarily the lower Court's failure to swear-in Ms. Spezio, impacted the fact-finding process and the trial court's finding that JLN carried its burden of proof. We find that Ms. Phillips was deprived of a fair trial. The trial court's judgment is therefore manifestly erroneous.

These errors are so material that they preclude this Court from making a *de novo* review of essential facts. Appellate courts shall render any judgment that is just, legal, and proper upon the record on appeal. La. Code of Civil Procedure art.

4

Accordingly, we vacate the June 21, 2023 judgment of the Second City Court and remand this matter for a new trial.

## Decree

For the foregoing reasons, we vacate the June 21, 2023 judgment of the Second City Court and remand this matter for a new trial.

**VACATED AND REMANDED**